```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

M. REBECCA DOWNING and            :
ROBERT G. LEICHLITER,
      Plaintiffs            :

                                                                :
      vs.                           CIVIL NO. 1:CV-05—0351
                                                               :
YORK COUNTY DISTRICT ATTORNEY
H. STANLEY REBERT, and            :
YORK COUNTY, PENNSYLVANIA,
      Defendants             :


M E M O R A N D U M


I.   Introduction

       We are considering Defendant H. Stanley Rebert's motion to strike Plaintiffs' Complaint pursuant to Rules 8(a)(2) and 12(f) of the Federal Rules of Civil Procedure.[1]  The Plaintiffs allege violations of 42 U.S.C. § 1983 through a policy, practice, or custom of unlawful activity, retaliation in violation of Downing's first amendment rights, wrongful termination in violation of Article I, § 7 of the Pennsylvania Constitution, and violations of the Pennsylvania Whistleblower Law, 43 P.S. § 1421 et seq.  This action arises from Defendant

---

[1] Defendant York County has not joined in this motion. However, York County has entered into a stipulation with the Plaintiffs which allows for the filing of its responsive pleading twenty days after our ruling on Defendant Rebert's motion to strike.

Rebert's termination of Downing's employment with the York County District Attorney's office.

II. Standards of Review

"A district court has the authority to strike a pleading which does not comply with the notice pleading requirements of Rule 8(a), although the exercise of this power should be reserved for cases in which the pleading is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Nagel v. Pocono Medical Center*, 168 F.R.D. 22, 23 (M.D.Pa. 1996) *quoting Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). However, courts have stricken complaints "laden with unnecessary factual narrative." *Martin v. Warrington*, 2002 WL 341000 at *3 (E.D.Pa. 2002); *see also Burks v. City of Philadelphia*, 904 F. Supp. 421, 424 (E.D.Pa. 1995); *Brejack v. County of Bucks*, 2004 WL 377675 at *3 (E.D.Pa. 2004).

A court has wide discretion in considering a motion to strike pursuant to Rule 12(f). *Krisa v. Equitable Life Assur. Soc.*, 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000). Motions to strike, however, are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if

2

the allegations confuse the issues." *Id*. (citations and internal quotation omitted).  It should rarely be used as a remedy.  *Id*.

III. Discussion

Defendant Rebert argues that the Complaint should be stricken because it violates the requirement in Rule 8(a)(2) that a pleading "shall contain...(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Rebert further asserts that as well as being lengthy, the Complaint is "rambling."  He also contends that the Complaint violates Rule 12(f) by including "scandalous matter[s]." Specifically, Defendant Rebert maintains that the Plaintiffs have accused third-parties of improper or criminal conduct in the Complaint, and that naming them in the Complaint, without seeking redress from these individuals, violates Rule 12(f).

The Plaintiffs respond by first arguing that Defendant Rebert's motion should be dismissed for failure to comply with Local Rule 7.1 which directs parties to seek concurrence prior to filing a motion.  Second, they contend that Defendant Rebert cannot file a motion pursuant to Rule 8 to strike the Complaint and that even if the motion is proper the factual background provided is necessary to adequately present their claims and is presented in a straightforward manner.  Finally, Plaintiffs

3

maintain that the allegations regarding third-parties are related to their claims and should not be stricken.

We begin by addressing the Plaintiffs' contentions regarding Local Rule 7.1 and the filing of a motion to strike pursuant to Rule 8.  We agree with the Defendant that his failure to submit a certificate of non-concurrence, although not condoned, does not warrant a denial of his motion.  *See National Medical Care, Inc. v. American Renal Associates, Inc.*, 2002 WL 31107534 at *5 n. 5 (M.D.Pa. 2002).  Further, as we previously discussed, the court has the authority to strike pleadings for violating Rule 8 so the Defendant's motion is proper.

The Defendant argues that the Complaint is "lengthy." The "short and plain statement" requirement of Rule 8(a)(2) was adopted to:

> give the defendant fair notice of what the
> plaintiff's claim is and the grounds upon
> which it rests.  The illustrative forms
> amended to the Rules plainly demonstrate
> this.  Such simplified "notice pleading" is
> made possible by the liberal opportunity for
> discovery and the other pretrial procedures
> established by the Rules to disclose more
> precisely the basis of both claim and
> defense and to define more narrowly the
> disputed facts and issues.

*Burks*, 904 F. Supp. at 423-4 *quoting Conley v. Gibson*, 355 U.S. 41, 47-8, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80, 85 (1957).  Courts have looked with disfavor on complaints that appear to detail every instance of alleged wrongful conduct on the part of a

4

defendant. *Id.* at 424; *Brejack*, 2004 WL 377675 at *3; *Drysdale v. Woerth*, 1998 WL 966020 at *2 (E.D.Pa. 1998).

In the instant case, the Plaintiffs' Complaint is thirty-three pages long and contains 299 paragraphs, of which 280 constitute the factual background.  This far exceeds the notice pleading provided for in the federal rules. *See Burks*, 904 F. Supp. at 424 (striking a thirty-six page, 128 paragraph fact-laden complaint); *Drysdale*, 1998 WL 966020 at *2 (striking a ninty-six paragraph narrative complaint); *Brejack*, 2004 WL 377675 at *3-5 (striking a 216 paragraph fact-laden complaint); *Nagel,* 168 F.R.D. at 23-4 (striking a twenty-six page, 184 paragraph complaint).  While it is not inappropriate to include some factual background, the amount of factual information provided by the Plaintiffs is "unnecessary and unfairly cumbersome." *Brejack*, 2004 WL 377675 at *3; *see also Burks*, 904 F. Supp. at 424.  Finally, the federal rules discourage the pleading of evidence, and many of the Plaintiffs' "factual averments [appear to] constitute evidence." *Brejack*, 2004 WL 377675 at *3 *citing Drysdale*, 1998 WL 966020 at *2.  Therefore, we will strike the Complaint in its entirety for failure to comply with Rule 8(a)(2).  *See Brejack*, 2004 WL 377675 at *3 ("Plaintiff's Amended Complaint is not objectionable because of

any disguised substance; rather, its deficiency is its guileless recitation of all potentially relevant facts.").

Having granted the motion based on Rule 8(a)(2), we need not address Defendant Rebert's Rule 12(f) argument. However, we note, consistent with our findings under Rule 8(a)(2), that we do not believe it is necessary for the Plaintiffs to detail factual allegations of improper or criminal conduct to such an extent at the pleading stage.[2]

We will enter an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 21, 2005

---

[2] This does not mean, however, that we find the Plaintiffs' alleged factual background to be immaterial to their case.

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

M. REBECCA DOWNING and            :
ROBERT G. LEICHLITER,
      Plaintiffs              :

                               :
      vs.                            CIVIL NO. 1:CV-05—0351
                               :
YORK COUNTY DISTRICT ATTORNEY
H. STANLEY REBERT, and            :
YORK COUNTY, PENNSYLVANIA,
      Defendants              :


## O R D E R

AND NOW, this 21st day of April, 2005, it is ordered that:

    1. The Defendant's motion to strike (doc. 7) is granted and the Complaint (doc. 1) shall be stricken in its entirety.

    2. If the Plaintiffs desire to proceed, within twenty days of the date of this order, they shall file an amended complaint consistent with the accompanying memorandum and the Rules of Civil Procedure.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge